# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (GREENBELT)

UNITED STATES OF AMERICA,

v.

VADIM MIKERIN

Criminal No.: 8:14-CR-00529-TDC

## DEFENDANT VADIM MIKERIN'S REPLY TO THE GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RETURN OF PROPERTY

The Government concedes that the $18,170 in U.S. currency (referred to throughout as the "currency" or "seized funds") seized from Defendant Vadim E. Mikerin's apartment has "limited" evidentiary value,[1] and now relies solely on a substitute asset theory to retain the improperly seized funds.

This is not an instance where the Government properly seized currency in accordance with a warrant, the Department of Justice policies, or applicable law; this is an instance where the Government seized currency simply because it was "a large sum of cash[,]"[2] forgot about it, and now seeks to cobble together a justification for its actions. Mr. Mikerin moves under Fed. R. Crim. P. 41(g) for the immediate return of the seized funds.

---

[1] *See* Government's Opposition to Defendant's Motion for Return of Property, p. 3, June 24, 2015 (ECF No. 92) ("Government's Opposition").

[2] *Id.* at 5.

## I.  <u>FACTUAL BACKGROUND</u>

On the same day that the Government seized the currency, the Government also froze Mr. Mikerin's assets in his Citibank account.  On December 23, 2014, the Government gave notice of the Citibank seizure.  With regard to the seized currency, the Government was silent – for seven months.

On May 19, 2015, defense counsel requested that the Government return the seized funds.  The Government responded by letter dated May 22, 2015, indicating that it intends to continue to hold the seized funds on two grounds:  (1) the $18,170 "constitutes evidence for trial"; and, (2) the funds constitute "substitute assets related to the money judgment forfeiture included in the currency Indictment against Mr. Mikerin."  In its most recent round of justifications, the Government abandoned its evidentiary argument, and instead argues that the currency was properly seized as substitute assets.

## II.  <u>ARGUMENT</u>

The Government seized the currency in Mr. Mikerin's apartment while executing a search warrant on October 29, 2014.[3]  The currency was not within the scope of the warrant.[4]  The Government now alleges that the warrant indirectly permitted such a seizure because "[t]he discovery of a large sum of cash would be consistent with probably cause that such cash either related directly to the crimes discussed in the Affidavit, were proceeds of such activity, or were otherwise discovered in plain view and seizable as contraband."[5]  The Government's Opposition makes no attempt to explain how the seized funds fit within any of the three listed categories.[6]  It cannot.  The last alleged transfer of cash

---

[3] *Id.* at 2.
[4] *See* Defendant Vadim Mikerin's Memorandum of Law in Support of Fed. R. Crim. P. 41(g) Motion for Return of Property, p. 1, June 8, 2015 (ECF No. 88-1) ("Motion for Return of Property").
[5] Government's Opposition, p. 5, (ECF No. 92).
[6] The Government states that the currency is a "large sum of cash." *Id.*  This fact alone does not justify seizing and retaining currency.

occurred on January, 23 2012, two-and-a-half years before the seizure.[7]  As alleged in the Indictment, the payments in question were made primarily by wire transfer overseas, not in cash.[8]  It is not alleged in the Indictment, nor does an analysis of Mr. Mikerin's bank records demonstrate, that any of suspect payments passed through Mr. Mikerin's bank accounts in the United States.  These facts are not in dispute.  Therefore, there is no indication that the seized funds were directly related to the alleged crimes, were proceeds of the crimes, or contraband.  Moreover, as the Government well knew at the time of the seizure, Mr. Mikerin was not living by himself in his apartment.  His wife lived with him as well, and his adult son was visiting at the time.  The Government made no attempt to ascertain whether the money belonged to either of them.

As for the Government's other forfeiture theories, the Government should have given notice of its intent to forfeit the seized currency within 60 or 150 days of seizure, depending on the Government's remedy, as it did for the Citibank account.[9]  If the Government sought to seize an asset for criminal forfeiture as substitute assets, it should have specifically identified the asset in the Indictment and obtained a grand jury determination of probable cause that the asset is subject to forfeiture, then applied to the Court for an order restraining the asset pending trial.  *See Kaley v. United States*, 134 S. Ct. 1090, 1094-95 (2014).  The Government failed to take any of these steps, and is effectively saying "oh well," and only now—over seven months later—taking the first step in instituting a forfeiture action by including the seized assets in its Second Bill of Particulars.  Mr. Mikerin's argument is simple:  the money should not have been seized in the first place and should be returned.

---

[7] Indictment, p. 7, Nov. 6, 2015 (ECF No. 11).
[8] *See id.* at 5-8.
[9] *See* Motion for Return of Property, p. 6 (ECF No. 88-1).

### III.  <u>CONCLUSION</u>

Pursuant to Fed. R. Crim. P. 41(g), Mr. Mikerin respectfully requests that the Court grant his motion for the immediate return of approximately $18,170 in U.S. currency seized on October 29, 2014 from his apartment.

Dated:  July 17, 2015                                       Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:      /s/ Jonathan E. Lopez
         Jonathan E. Lopez (802640)
         William B. Jacobson (802639)
         Richard P. Gallena (802638)
         1152 15th Street, NW
         Washington, D.C. 20005-1706
         Phone: (202) 339 8456
         Fax: (202) 339 8500
         jonathan.lopez@orrick.com
         wjacobson@orrick.com
         rgallena@orrick.com

         *Counsel for Defendant Vadim Mikerin*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the District of Maryland using the CM/ECF system on July 17, 2015.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Dated:  June 17, 2015                         Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:      /s/ Jonathan E. Lopez
         Jonathan E. Lopez (802640)
         William B. Jacobson (802639)
         Richard P. Gallena (802638)
         1152 15th Street, NW
         Washington, D.C. 20005-1706
         Phone: (202) 339 8456
         Fax: (202) 339 8500
         jonathan.lopez@orrick.com
         wjacobson@orrick.com
         rgallena@orrick.com

         *Counsel for Defendant Vadim Mikerin*